IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES D. BLAKELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-0997-CV-W-DW-SSA |
| | ) | |
| JO ANNE BARNHART | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff James D. Blakely ("Blakely") seeks judicial review on his application for supplemental security income (SSI) benefits made under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 405(g); 1381 et seq. Plaintiff has exhausted all of his administrative remedies and therefore judicial review is now appropriate. See 42 U.S.C. §1383(c)(3); C.F.R. §§ 404.906, 416.1406. The complete facts and arguments are presented in parties' briefs, and consequently will be duplicated herein only to the extent necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

I.      Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel,

173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

II. Discussion

Plaintiff argues the ALJ erred because (1) he ignored evidence of Plaintiff's illiteracy; (2) he did not obtain vocational expert testimony; and (3) his credibility finding was improper. The Court will address these arguments in turn.

A. Illiteracy

Plaintiff argues that in making his determination, the ALJ erred and ignored his illiteracy because he applied Rule 201.27, at 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 1, the rule for a high school graduate, when making his determination. While the record contains evidence that Plaintiff's numerical grade completed in high school may not represent Plaintiff's actual educational ability, the Court finds the application of Rule 201.27 to be harmless error. Rule 201.23 applies to a younger individual who is illiterate (a finding the ALJ did not make), and Rule 201.24 applies to a younger individual who has a limited or less education. Had the ALJ applied these other Rules, the same result would have been reached. Appendix 2, § 201(h)2); § 201(h)(4)(I).

2

B.  Vocational Expert Testimony

Next, Plaintiff argues the ALJ erred when he did not use a vocational expert to show the existence of jobs in the national economy that Plaintiff is capable of performing.

Plaintiff argues that the ALJ should have used the five-point margin of error for the intelligence test, as the Plaintiff was within one point of the IQ required to meet Listing 12.05C. However, neither the Commissioner nor the Eighth Circuit recognizes the five-point margin of error for considering IQ scored in Social Security claims. Cockerham v. Sullivan, 895 F.2d 492, 496 (8th Cir. 1990). The ALJ met his burden and made findings regarding the effect of the Plaintiff's learning disability on his ability to maintain employment. Further, while Plaintiff relies on the results of a 1996 evaluation for this argument, it is *res judicata* that Plaintiff was not disabled by his learning disability or knee problem. See 20 C.F.R. § 416.1488(c). Thus, the ALJ did not err in failing to consider vocational expert testimony.

C.  Credibility Finding

Finally, Plaintiff argues the ALJ improperly assessed the credibility of the Plaintiff's subjective complaints. The burden of deciding the credibility of a plaintiff's subjective testimony rests with the Commissioner. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The standard for the evaluation of pain and other subjective complaints is set by a six factor test in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[1]

---

[1] In Polaski, the Eighth Circuit set forth factors the Commissioner must consider in evaluating subjective complaints: (1) the objective medical evidence; (2) the subjective evidence of the duration, frequency, and intensity of plaintiff's pain; (3) any precipitating or aggravating factors; (4) the claimant's daily activities; (5) the dosage, effectiveness and side effects of any medication; and (6) the claimant's functional restrictions. Polaski v. Heckler, 739 F.2d at 1322. The ALJ need not discuss each Polaski factor methodically as long as the factors are acknowledged and considered. Brown v. Charter, 87 F.3d 963, 966 (8th Cir. 1996).

The ALJ is tasked with the function of weighing the evidence and assessing the claimant's credibility. An individual's complaints are not conclusive evidence of disability, and the ALJ is not bound by the Plaintiff's testimony. Rautio v. Bowen, 862 F.2d 176, 180 (8th Cir. 1988). Rather, if there are inconsistencies in the evidence as a whole, the ALJ may disbelieve subjective testimony. McKinney v. Apfel, 228 F.3d 860, 864 (8th Cir. 2000); Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995).

The ALJ did not err in finding that the medical evidence does not support Plaintiff's allegation of disability. The ALJ, in making this determination, noted the following:

- Plaintiff's treating orthopedist opined that Plaintiff could perform sedentary work (Tr. 17), found an examination of Plaintiff's knee to be "entirely benign" and his knee structure to be "fairly normal." (Tr. 132);

- The clinical and laboratory findings appeared to be quite disproportionate to the severity of pain Plaintiff alleged. (Tr. 16);

- The Plaintiff had no history of past relevant work (Tr. 18). Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996) (An ALJ may discount a claimant's credibility based upon his or her poor work record);

- Although Plaintiff reported disabling pain, at the time he filed his application in July 2002, he was not taking medication because it allegedly did not work to alleviate the pain. However, less than one year earlier, Plaintiff told his physical therapist that Tylenol and Advil relieved the pain. (Tr. 16). Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994) (lack of strong medication was inconsistent with disabling pain);

- There were large gaps of time between doctor visits to see relief. (Tr. 16). Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996) (claimant's subjective complaints were properly discounted where claimant failed to pursue regular medical treatment and took no medication other than aspirin).

Considering the record as a whole, substantial evidence supports the ALJ's credibility finding.

III. Conclusion

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: September 28, 2005